1C

RECEIVED

OCT 29 2026

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

MAM

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

**TRAVON DONLEY,**
Plaintiff,

v.

**CITY OF CHICAGO; BRIAN W. BONE, Badge No. 118378; GEORGE JADOU, Badge No. 121773; VICTOR M. ALVARADO, Badge No. 121513; MATEJ JURISIC, Badge No. 121550; and MATTHEW J. STOJACK, Badge No. 37160,**

Defendants.

Case No.: ____________________

**COMPLAINT**

1:26-cv-13376
Judge Jeremy C. Daniel
Magistrate Judge Karyn L. Bass Ehler
RANDOM / Cat. 2

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 AND DEMAND FOR JURY TRIAL**

Plaintiff, proceeding pro se, alleges as follows:

## I. INTRODUCTION

1. This is a civil action seeking relief under 42 U.S.C. § 1983 for alleged violations of Plaintiff's rights under the United States Constitution arising from Plaintiff's arrest on June 21, 2024, the criminal proceedings that followed, and Plaintiff's detention in Cook County custody until November 7, 2025.
2. Plaintiff alleges that Chicago police officers arrested him in connection with allegations involving a firearm, although Plaintiff disputes possessing the firearm or committing the alleged conduct.
3. Plaintiff alleges that officers arrested him without an arrest warrant, that no firearm was recovered from his person or immediate surroundings at the time of arrest, and that a firearm was later recovered from a property several houses away.
4. Plaintiff further alleges that evidence relevant to the firearm allegations, including forensic testing that reportedly did not identify Plaintiff's DNA or fingerprints on the firearm, was disclosed shortly before trial.
5. Plaintiff was ultimately found not guilty of the criminal charges on November 5, 2025, and was released from Cook County Sheriff's custody on November 7, 2025.
6. Plaintiff seeks compensatory damages for injuries and losses caused by any constitutional violations established in this action, together with other relief authorized by law.

7. Plaintiff does not ask this Court to infer a constitutional violation from the acquittal alone. Plaintiff seeks a determination based on the facts, records, evidence, and conduct of the Defendants.

## II. JURISDICTION AND VENUE

1. This action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983.
2. This Court has federal-question jurisdiction under 28 U.S.C. § 1331.
3. This Court has authority to award appropriate relief under 28 U.S.C. §§ 1343(a)(3) and 1343(a)(4), to the extent applicable.
4. Venue is proper in the Northern District of Illinois under 28 U.S.C. § 1391(b) because the events giving rise to this action allegedly occurred in Chicago and Cook County, Illinois, within this District.

## III. PARTIES

### A. Plaintiff

1. Plaintiff Travon Donley is an individual residing in Illinois.
2. At all relevant times, Plaintiff was entitled to the rights, privileges, and immunities secured by the United States Constitution and federal law.

### B. Defendant City of Chicago

1. Defendant City of Chicago is a municipal corporation located in Illinois.
2. Plaintiff names the City as a Defendant in connection with any constitutional violation shown to have been caused by an official municipal policy, a widespread and persistent municipal custom, a decision by an authorized final policymaker, or another legally sufficient basis for municipal liability under 42 U.S.C. § 1983.
3. Plaintiff recognizes that the City is not liable merely because it employed a police officer who may have violated Plaintiff's rights. Plaintiff seeks to establish municipal liability only if discovery and the available evidence support the required policy-or-custom connection.

### C. Individual Police Defendants

1. Defendant Brian W. Bone, Badge No. 118378, was identified by Plaintiff as a Chicago police officer involved in the events underlying this complaint.

2. Defendant George Jadou, Badge No. 121773, was identified by Plaintiff as a Chicago police officer involved in the events underlying this complaint.
3. Defendant Victor M. Alvarado, Badge No. 121513, was identified by Plaintiff as a Chicago police officer involved in the events underlying this complaint.
4. Defendant Matej Jurisic, Badge No. 121550, was identified by Plaintiff as a Chicago police officer involved in the events underlying this complaint.
5. Defendant Matthew J. Stojack, Badge No. 37160, was identified by Plaintiff as a Chicago police officer and supervisor associated with the events underlying this complaint.
6. Plaintiff sues each individual officer in his individual capacity to the extent evidence establishes that the officer personally participated in, directed, caused, or was otherwise legally responsible for a constitutional violation.
7. Plaintiff does not allege that every officer performed the same acts. The precise roles, actions, knowledge, and responsibility of each officer should be determined from the body-camera recordings, police reports, arrest records, witness statements, and other relevant evidence.
8. At all relevant times, the individual Defendants were allegedly acting under color of state law in connection with their official duties. Whether a particular Defendant acted under color of state law in a specific incident is a matter to be established through the evidence.

## IV. FACTUAL ALLEGATIONS

### A. Events Leading to the Arrest

1. On the morning of June 21, 2024, Plaintiff left his home to visit his grandmother.
2. Plaintiff's grandmother lived alone and had given Plaintiff a spare key to her home. Plaintiff understood that he had permission to enter the home when visiting her.
3. When Plaintiff attempted to enter the residence, a person behind the door stopped him from entering.
4. Plaintiff looked through an open window next to the door and spoke with his grandmother, who was inside the residence.
5. Plaintiff's grandmother spoke with the person who was preventing Plaintiff from entering. Plaintiff later understood that person to be his sister.
6. Plaintiff told his grandmother that he would return later and then walked away from the residence.
7. As Plaintiff was leaving, he heard his sister yell words to the effect of, "There he is, there he is."
8. Plaintiff became frightened and ran away from the area.
9. Plaintiff hid in another person's backyard.

10. Several Chicago police officers subsequently approached Plaintiff with their firearms drawn and pointed toward him.
11. Plaintiff was arrested and placed in a marked police squad car.
12. Plaintiff alleges that the arrest occurred without an arrest warrant.
13. Plaintiff did not resist arrest, according to his account of the encounter.
14. Plaintiff alleges that no firearm was recovered from his person or from his immediate surroundings at the time of the arrest.
15. Plaintiff remained in the squad car for approximately 20 to 30 minutes before being transported to a police station.
16. Plaintiff alleges that the officers did not explain before taking him into custody that he was being arrested or identify the basis for the arrest.
17. When Plaintiff asked why he was being arrested, an officer allegedly responded, "You know what you are being arrested for."
18. Plaintiff alleges that he was not provided a meaningful explanation of the basis for his arrest during the initial encounter.
19. Plaintiff understands that officers later recovered a firearm from a property several houses away from the location where he was arrested.
20. Plaintiff disputes possessing that firearm or having committed the conduct alleged by the prosecution.
21. Plaintiff alleges that the circumstances of the firearm's recovery, the basis for associating it with him, and the evidence used to support the criminal charges are relevant to determining whether any Defendant violated Plaintiff's constitutional rights.

**B. Body-Camera Footage and Witness Information**

1. Plaintiff possesses a copy of body-camera footage relating to the events.
2. Plaintiff believes the footage shows his grandmother attempting to tell officers that Plaintiff was innocent and had done nothing wrong.
3. Plaintiff does not presently know whether all relevant portions of the footage were presented, considered, or discussed during the criminal proceedings.
4. Plaintiff alleges that the body-camera footage may contain evidence relevant to what the officers knew, when they knew it, the circumstances of the arrest, and the information available to them concerning Plaintiff's alleged involvement with the firearm.
5. Plaintiff alleges that his mother had called 911 in connection with the incident.
6. Plaintiff further alleges that his mother later recanted information associated with the accusation.

7. On September 19, 2025, Plaintiff's mother and grandmother allegedly provided notarized letters stating that Plaintiff's sister had lied about Plaintiff pulling a gun on his sister and attempting to harm her.
8. Plaintiff believes these statements are relevant to the reliability of the accusations and the information available to law enforcement and the prosecution.
9. The content, timing, receipt, and treatment of these statements must be established through the original letters, police records, discovery materials, and other admissible evidence.

**C. Criminal Charges and Detention**

1. Plaintiff was prosecuted in the Circuit Court of Cook County, Illinois, under case number 24CR0815901.
2. The case was assigned to the Second Municipal District at the Skokie courthouse, courtroom 209, and Plaintiff identifies Judge Michael Hood as the presiding judge.
3. The charges reported by Plaintiff included aggravated unlawful use of a weapon and possession of a weapon by a felon.
4. Plaintiff disputes the allegations that he possessed the firearm or committed the charged conduct.
5. Plaintiff alleges that a sentencing enhancement was applied or contemplated based on a prior felony that the prosecution treated as a qualifying violent or forcible felony.
6. Plaintiff disputes the application of that enhancement. The underlying conviction, applicable statute, charging documents, and sentencing records must be reviewed to determine the legal significance of this allegation.
7. Plaintiff was held in custody beginning June 21, 2024.
8. Plaintiff alleges that he remained in custody without release until November 7, 2025.
9. Plaintiff calculates this period as approximately 505 days when counting both the first and last calendar days.
10. Plaintiff alleges that his detention caused significant disruption to his personal life, employment, housing, finances, and family relationships.
11. Plaintiff alleges that he lost the ability to earn income and support himself and his family during his detention.
12. Plaintiff further alleges that the loss of income contributed to his eviction or loss of housing.
13. Before his detention, Plaintiff states that he had full custody of his three children.
14. Plaintiff alleges that, during his detention, the children had to live with their mother because Plaintiff could not provide financial support while incarcerated.

15. Plaintiff reports that he has not seen or spoken with his children since that period, owing in part to subsequent personal issues involving their mother.
16. Plaintiff alleges that the detention and resulting circumstances caused him emotional distress and other personal injuries.
17. Plaintiff seeks compensation only for losses and injuries that can be established and legally attributed to a constitutional violation by a Defendant.

**D. Forensic Evidence and Pretrial Disclosure**

1. Plaintiff alleges that discovery in the criminal case had been substantially completed months before trial.
2. Plaintiff alleges that approximately one week before trial, the prosecution disclosed a document indicating that forensic analysis did not find Plaintiff's DNA or fingerprints on the firearm.
3. Plaintiff believes the forensic results were material to the question of whether he possessed the firearm.
4. Plaintiff alleges that the timing of the disclosure affected his ability to review, investigate, and prepare to use the forensic evidence.
5. The actual forensic report, the date it was completed, the date it was received by the prosecution, the date it was disclosed to Plaintiff, and any associated discovery communications are necessary to establish the facts surrounding this allegation.
6. Plaintiff does not allege that the absence of his DNA or fingerprints, standing alone, proves that he could not have possessed the firearm. Plaintiff alleges that the evidence must be considered with the other evidence and circumstances of the case.

**E. Plea Discussions and Trial**

1. Plaintiff alleges that, approximately eight or nine months into his detention, he was offered a plea agreement involving a six-year sentence served at 50 percent.
2. Plaintiff rejected the offer because he maintained that he was innocent.
3. Plaintiff alleges that the criminal trial was scheduled to begin on November 3, 2025.
4. According to Plaintiff, the prosecution was not ready to proceed on that date, and a meeting involving the parties and the judge took place.
5. Plaintiff represented himself in the criminal proceedings.
6. Plaintiff alleges that the prosecution offered a disposition involving time served and release the following day.
7. Plaintiff rejected that offer and insisted on proceeding to trial.
8. Plaintiff alleges that the trial was rescheduled to November 4, 2025.

9. Plaintiff alleges that, on November 4, 2025, the prosecution again offered a disposition involving time served and warned that, if Plaintiff lost at trial, the prosecution would seek a sentence greater than six years.
10. Plaintiff understood the statement as pressure to accept the proposed disposition.
11. Plaintiff recognizes that prosecutors may ordinarily communicate potential sentencing consequences during plea negotiations. Plaintiff includes this allegation as part of the history of the proceedings and does not contend that the statement alone establishes a constitutional violation.
12. Plaintiff proceeded with the criminal case rather than accepting the proposed disposition.
13. On November 5, 2025, Plaintiff was found not guilty of the criminal charges identified in the relevant criminal case.
14. Plaintiff was released from Cook County Sheriff's custody on November 7, 2025.
15. Plaintiff alleges that he suffered substantial personal, financial, and emotional consequences during and following his detention.
16. Plaintiff seeks relief for any injury shown to have resulted from an independently actionable constitutional violation, not simply from the fact that he was charged and later acquitted.

**V. CLAIMS FOR RELIEF**

**COUNT I — UNREASONABLE SEIZURE AND FALSE ARREST UNDER THE FOURTH AMENDMENT**

**Against the individual officers, in their individual capacities, to the extent supported by the evidence**

1. Plaintiff incorporates paragraphs 1 through 93 as though fully set forth here.
2. The Fourth Amendment protects individuals against unreasonable searches and seizures. An arrest generally requires a warrant supported by probable cause or a recognized exception permitting a warrantless arrest.
3. Plaintiff alleges that the individual police Defendants participated in or were responsible for his arrest on June 21, 2024, without an arrest warrant.
4. Plaintiff alleges that he did not possess a firearm when officers arrested him, that no firearm was recovered from his person or immediate surroundings, and that a firearm was later recovered from a property several houses away.
5. Plaintiff alleges that the officers' actions and the information available to them at the time of the arrest must be examined to determine whether probable cause existed and whether the seizure was constitutionally reasonable.

6. To the extent an individual Defendant personally participated in or caused an arrest without probable cause, and no applicable legal justification or defense applies, Plaintiff alleges that the Defendant violated Plaintiff's rights under the Fourth Amendment.
7. Plaintiff recognizes that the legality of an arrest depends on the totality of the circumstances and the information reasonably available to the officers at the time, not solely on the later acquittal or the ultimate outcome of the criminal case.
8. Plaintiff seeks compensatory damages and other relief authorized by law for any unreasonable seizure established by the evidence.

**COUNT II — MALICIOUS PROSECUTION / UNREASONABLE SEIZURE PURSUANT TO LEGAL PROCESS**

**Against the individual officers, in their individual capacities, to the extent supported by the evidence**

1. Plaintiff incorporates paragraphs 1 through 101 as though fully set forth here.
2. The Fourth Amendment may provide a remedy where a person is subjected to an unreasonable seizure pursuant to legal process and the applicable elements of a federal malicious-prosecution claim are established.
3. Plaintiff was prosecuted under Cook County case number 24CR0815901 and remained in custody until November 7, 2025.
4. The criminal proceedings terminated in Plaintiff's favor when he was found not guilty on November 5, 2025.
5. Plaintiff alleges that he did not possess the firearm at issue and disputes the basis for associating him with it.
6. Plaintiff further alleges that the circumstances surrounding the firearm's recovery, the body-camera footage, witness statements, and forensic testing are relevant to whether there was an adequate factual basis for the prosecution and whether any Defendant caused or continued the prosecution without probable cause.
7. To the extent evidence establishes that an individual Defendant knowingly or recklessly provided materially false information, deliberately or recklessly omitted material information, or otherwise caused Plaintiff to be subjected to legal process without probable cause, Plaintiff alleges that the Defendant violated Plaintiff's Fourth Amendment rights.
8. Plaintiff does not allege that the mere filing of charges, the existence of disputed evidence, or the eventual acquittal alone establishes liability.
9. Plaintiff seeks compensatory damages and other relief authorized by law for any unreasonable seizure pursuant to legal process established by the evidence.

**COUNT III — MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983**

**Against the City of Chicago, only if a legally sufficient policy-or-custom basis is established**

1. Plaintiff incorporates paragraphs 1 through 110 as though fully set forth here.
2. The City of Chicago is not liable under 42 U.S.C. § 1983 solely because it employed the individual police Defendants.
3. Municipal liability requires a legally sufficient connection between an official municipal policy, a widespread and persistent custom, a decision by an authorized final policymaker, or another recognized basis for municipal liability and the constitutional violation that caused Plaintiff's injury.
4. Plaintiff alleges that the circumstances of his arrest and prosecution warrant examination of the applicable police practices, procedures, training, supervision, and municipal decisions, insofar as they are relevant to the constitutional violations alleged in this complaint.
5. Plaintiff presently does not identify a particular written City policy or an established widespread custom that caused the alleged constitutional violations.
6. Plaintiff therefore pleads municipal liability only to the extent facts already known or lawfully obtained through discovery support a specific policy-or-custom theory that satisfies the requirements of § 1983.
7. Plaintiff does not ask the Court to impose liability on the City based solely on the employment relationship between the City and the individual officers.
8. If the evidence establishes that a qualifying City policy, custom, or decision by an authorized policymaker was the moving force behind a constitutional violation that caused Plaintiff's injuries, Plaintiff seeks the relief authorized by law.

**COUNT IV — ADDITIONAL CONSTITUTIONAL VIOLATIONS, IF SUPPORTED BY EVIDENCE**

**Against the individual Defendants legally responsible for the particular violation**

1. Plaintiff incorporates paragraphs 1 through 118 as though fully set forth here.
2. Plaintiff alleges that evidence concerning the body-camera footage, witness statements, forensic report, and circumstances surrounding the firearm's recovery may establish additional facts relevant to the constitutionality of the arrest or detention.
3. Plaintiff further alleges that the timing and handling of the forensic report warrant review of the discovery record to determine what information was known to which participants, when it was known, and whether any legally actionable misconduct occurred.

4. Plaintiff does not presently assert that every late disclosure, disputed witness statement, or failure to present particular evidence necessarily establishes a federal constitutional violation.
5. Plaintiff seeks leave to pursue any additional claim that is supported by the evidence, permitted by the Federal Rules of Civil Procedure, and properly before this Court.

**VI. DAMAGES**

1. Plaintiff incorporates paragraphs 1 through 123 as though fully set forth here.
2. Plaintiff alleges that the events described in this complaint caused substantial harm, including loss of liberty, loss of income, disruption of housing, emotional distress, and disruption of family relationships.
3. Plaintiff seeks compensatory damages for proven injuries proximately caused by any constitutional violation for which a Defendant is legally responsible.
4. Plaintiff seeks recovery of lost wages and other financial losses to the extent they are documented, legally recoverable, and causally connected to an actionable constitutional violation.
5. Plaintiff seeks damages for emotional distress and other legally recognized injuries to the extent established by admissible evidence.
6. Plaintiff seeks any additional damages for loss of liberty or other injury that are legally available and supported by the facts.
7. Plaintiff seeks punitive damages against an individual Defendant only if the evidence satisfies the applicable legal standard, including the requirement that the Defendant's conduct meet the standard for punitive damages under § 1983.
8. Plaintiff does not seek punitive damages against the City of Chicago under § 1983, because municipalities are not subject to punitive damages under that statute.
9. Plaintiff seeks reasonable attorney's fees and costs only to the extent authorized by applicable law, including 42 U.S.C. § 1988, if Plaintiff obtains representation or otherwise becomes legally entitled to such an award.
10. Plaintiff reserves the right to prove the amount of damages through employment records, tax records, housing records, medical or counseling records where relevant, witness testimony, and other admissible evidence.

**VII. PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter judgment in Plaintiff's favor against any Defendant found legally responsible for a constitutional violation;

B. Award compensatory damages in an amount to be determined by the evidence and the jury, where applicable;

C. Award any additional damages legally available against individual Defendants, including punitive damages if the applicable legal standard is met;

D. Award allowable costs and any attorney's fees authorized by law;

E. Grant appropriate declaratory or other relief only to the extent a live controversy and applicable law support such relief; and

F. Grant any further relief the Court determines to be just and proper.

**VIII. JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Date: 10-29-26

Signature: [signature]

Printed name: Travon Donley

Address: 2156 N. LAPORTE AVE.

City, State, ZIP: Chicago, IL 60639

Telephone: 312-825-5061

Email: travondonley@Gmail.com

Plaintiff, pro se